UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MICHAEL ANTHONY SCOTT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 1:22-CV-259-TAV-SKL |
| TENNESSEE BOARD OF PAROLE and TENNESSEE DEPARTMENT OF CORRECTION, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC") proceeding pro se, has filed a motion for leave to proceed *in forma pauperis* [Doc. 5] in a civil rights action under 42 U.S.C. § 1983 [Doc. 2]. For the reasons set forth below, Plaintiff's motion will be granted, and this action will be dismissed as frivolous.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 5] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00),

until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   ALLEGATIONS OF COMPLAINT

On October 3, 2022, Plaintiff was denied parole [Doc. 2 p. 1]. Plaintiff was notified that his parole was denied because of a disciplinary action taken against him on September 7, 2022 [*Id.*]. However, Plaintiff spoke to Lieutenant Bautsch with the McMinn County Jail, and Lieutenant Bautsch informed Plaintiff that there was no disciplinary action taken against Plaintiff on September 7, 2022 [*Id.*]. Plaintiff verified this information by speaking with Corrections Officer D. Horner, who told Plaintiff that no disciplinary actions were listed against Plaintiff [*Id.*].

Plaintiff contends that the denial of his parole violates Tennessee's law providing that "non-violent class D felonies are automatically released on parole[,] and [first] time offenders who have never been on parole through the State of Tennessee Board of Parole are automatically released on parole w[ith] strict restrictions" [*Id.* at 1-2].

Aggrieved by these perceived "procedural errors," Plaintiff seeks monetary damages of $500,000 against the TDOC and the Tennessee Board of Parole for the "emotional stress caused by this whole issue." [*Id*. at 2].

## III. SCREENING OF COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted.

3

*Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Analysis

Plaintiff seeks monetary damages against two arms of the State, and thus, suit against the Board of Parole and the TDOC is suit against the State of Tennessee itself. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *Hinds v. State of Tenn.*, 888 F.Supp. 854, 857 (W.D. Tenn. 1995) ("A suit against the Board of Paroles is actually a suit against the state of Tennessee."). However, "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Hix*, 196 F. App'x at 355 (holding TDOC is not a "person" within meaning of 1983). Therefore, neither the TDOC nor the Board of Parole are suable entities in a § 1983 suit.

Additionally, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages unless Congress has abrogated its immunity or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101

(1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory[,] or monetary relief."). The State of Tennessee has not waived its immunity to suit under § 1983. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Accordingly, Plaintiff cannot maintain suit against the TDOC or the Board of Parole, and they are entitled to be dismissed from this action.[1]

Moreover, even if Plaintiff had named a viable Defendant, he cannot recover damages for emotional stress alone, as a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged any physical injury because of the constitutional violations alleged in his complaint, and therefore, recovery is not permitted under the PLRA.

Finally, Plaintiff has not otherwise alleged the violation of any protected interest. Claims under § 1983 can only be brought for "deprivation of rights secured by the

---

[1] Plaintiff does not here challenge the substantive decision to deny him parole. Nonetheless, the Court notes that any such challenge must be raised in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

5

constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). It is well established that there is no constitutional right to parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A state may create a protected liberty interest in parole where state law creates "a legitimate claim of entitlement to it[.]" *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (quoting *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 422 U.S. 1, 7 (1979)). However, Tennessee inmates do not have an entitlement to parole; they have, at most, "a mere hope that the benefit will be obtained." *Wright v. Trammell*, 810 F.2d 589, 590-91 (6th Cir. 1987) (citation omitted); *Berry v. Traughber*, 48 F. App'x 483, 484 (6th Cir.2002) ("Berry has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws."); *see also* Tenn. Code Ann. § 40-28-117(a) (defining parole as "a privilege and not a right" and holding that if parole board determines that parole is appropriate "the prisoner may be paroled"). Because Tennessee law provides the parole board with discretion in determining parole eligibility, Petitioner has no protected liberty interest in parole and no basis for a challenge to his parole eligibility.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

6

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. This action will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER:**

                        s/ Thomas A. Varlan
                        UNITED STATES DISTRICT JUDGE